UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**JS-6**

| Case No. | CV 11-08800-RGK (MRWx) | Date | December 2, 2011 |
|---|---|---|---|
| Title | THEODORE KUEPPER v. TERRAGROUP CORP. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:        (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 9)**

## I.      INTRODUCTION

On September 6, 2011, Theodore Kuepper ("Plaintiff") filed a Complaint in Superior Court for Ventura County against Terragroup Corporation ("Defendant") alleging breach of contract and violation of California Business and Professions Code § 17200 and requesting a declaratory judgment and an accounting of money owed to him by Defendant. The Complaint was mailed first class, postage prepaid to Defendant on September 12, 2011; Defendant's agent acknowledged receipt of the Complaint on September 16, 2011.

Defendant filed a Notice of Removal with this Court on October 24, 2011. Plaintiff filed the present Motion to Remand on October 28, 2011.

For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

## II.     FACTUAL BACKGROUND

Plaintiff is a citizen of California and Defendant is incorporated in Pennsylvania with its principal place of business also in Pennsylvania.

Plaintiff and Defendant entered into a written contract on January 25, 2007 for Plaintiff's services as an environmental engineer, specifically in the sub-field of water purification systems. Plaintiff was to assist Defendant in responding to the U.S. Marine Corps' ("USMC") Request for Proposal for a Commercial (off the shelf) Lightweight Water Purification System.

On October 30, 2007, the USMC withdrew its original Request and instead issue a Solicitation for a Commercial (off the shelf) Lightweight Water Purification System. Plaintiff and Defendant thereafter replaced their original written contract with a new written contract meant to cover the terms of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**JS-6**

| Case No. | CV 11-08800-RGK (MRWx) | Date | December 2, 2011 |
|---|---|---|---|

| Title | THEODORE KUEPPER v. TERRAGROUP CORP. |
|---|---|

the USMC Solicitation and the manner in which Defendant would compensate Plaintiff for his work.

On July 21, 2008, Defendant was issued the contract with the USMC for the Lightweight Water Purification System. The USMC has contracted to pay Defendant $32,158,616.

Plaintiff alleges that he has made requests for payment to Defendant based on the agreement between the two parties. Defendant allegedly made an initial payment to Plaintiff in December 2010 but has made no further payments. On June 2, 2011, Defendant allegedly informed Plaintiff that it would make no further payments to Plaintiff under the terms of the contract between the two parties. Plaintiff claims that Defendant owes him damages under the contract "in excess of $25,000."

Defendant removed the case to this Court on the grounds of diversity jurisdiction under 28 U.S.C. § 1332.

## III.  LEGAL STANDARD

A defendant may remove a case from state court when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). The Ninth Circuit has held that federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Defendants always have the burden of establishing that removal is proper by demonstrating that the federal court has jurisdiction over the case. *Id.* at 566-67.

Federal jurisdiction exists under 28 U.S.C. § 1332 if the parties are of diverse citizenship and the amount in controversy is over $75,000. The defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). However, even if diversity jurisdiction would be proper, a defendant who is a citizen of the state where the lawsuit was originally filed may not remove the case. 28 U.S.C. § 1441(b).

## IV.  DISCUSSION

Plaintiff and Defendant are citizens of different states and therefore the diversity of citizenship element of 28 U.S.C. § 1332 is satisfied. Plaintiff and Defendant dispute whether the amount in controversy requirement has been met and whether Defendant timely filed its Notice of Removal. The Court first addresses the issue of the amount in controversy.

### A.  Amount in Controversy

Plaintiff's Complaint states that Defendant owes him an amount "in excess of $25,000" on the contract between the two parties. (Compl. ¶ 17.) Plaintiff additionally requests an injunction ordering that Defendant "cease and desist from engaging in unfair business practices[.]" (*Id.* ¶ D(1).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**JS-6**

| Case No. | CV 11-08800-RGK (MRWx) | Date | December 2, 2011 |
|---|---|---|---|

| Title | THEODORE KUEPPER v. TERRAGROUP CORP. |
|---|---|

Defendant argues that under the terms of the written contract, Plaintiff is due 7% of the net profits made by Defendant on any agreement with the USMC. Because Defendant's eventual contract with the USMC was in excess of $30,000,000, Defendant argues that the amount in controversy must of necessity be over $75,000.

However, Defendant cannot succeed with this argument. First, the amount in controversy is generally to be determined from the face of the pleadings. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). Although Plaintiff alleges that he is owed an amount in excess of $25,000 that allegation does not of necessity translate into an allegation that Plaintiff is due an amount in excess of $75,000, as is required for jurisdiction. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007). Second, even Defendant's proposed calculations based on the contract do not show that the amount in controversy necessarily exceeds $75,000. Plaintiff is allegedly owed 7% on any net profits made by Defendant on the contract between Defendant and the USMC. Although the total amount due to Defendant on this contract with USMC is in excess of $30,000,000, the Court cannot ascertain Defendant's net profit on this amount and therefore cannot even begin to estimate Plaintiff's supposed 7% share.

Because it is not clear to a legal certainty that the amount in controversy is in excess of $75,000, jurisdiction under 28 U.S.C. § 1332 is inappropriate.

**B.      Timeliness of Removal**

The Court could grant Plaintiff's Motion to Remand on the above grounds alone, however Plaintiff also argues that Defendant's Notice of Removal was untimely filed and therefore an alternative grounds for remand exists.

Defendants must file a Notice of Removal with the federal district court within thirty days of receipt of a pleading indicating a grounds for removal. 28 U.S.C. § 1446(b). Plaintiff served the Complaint on Defendant through first class, prepaid mail dated September 12, 2011 as allowed under California Code of Civil Procedure § 415.40. Under § 415.40 service is deemed complete on the tenth day after the mailing. The tenth day after mailing was September 22, 2011. However, Defendant's agent acknowledged receipt of the Complaint on September 16, 2011. (Duncan Decl. Ex. 3.)

Plaintiff argues that the thirty day clock under 28 U.S.C. § 1446(b) began running on September 16th when Defendant's agent received the Complaint; Defendant argues that the thirty day clock did not begin running until September 22nd when the service would have been deemed complete under California law.

The Court finds it unnecessary to consider which of the two theories is correct. Defendant did not file the Notice of Removal with this Court until October 24, 2011 which is more than thirty days past either September 16th or September 22nd. Therefore the Notice of Removal was untimely filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**JS-6**

| Case No. | CV 11-08800-RGK (MRWx) | Date | December 2, 2011 |
|---|---|---|---|
| Title | THEODORE KUEPPER v. TERRAGROUP CORP. | | |

under either proposed date of service.

**V.     CONCLUSION**

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand. The present case is remanded to the Superior Court for Ventura County.

**IT IS SO ORDERED.**

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | slw | | |